IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**TIMOTHY SCOTT BEASLEY, #386715**                                **PLAINTIFF**

v.                                                                                  **CAUSE NO. 1:16CV26-LG-RHW**

**LORI A. EHLERS**                                                            **DEFENDANT**

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

This case is before the Court *sua sponte*. *Pro se* Plaintiff Timothy Scott Beasley is incarcerated with the Harrison County Adult Detention Center, and he brings this action for the alleged loss of his property while he was previously incarcerated. The Court has considered and liberally construed the pleadings. As set forth below, this case is dismissed.

### FACTS AND PROCEDURAL HISTORY

Beasley initiated this action on January 7, 2016. He alleges that he and Defendant Lori A. Ehlers are both residents of Gulfport, Mississippi, where they used to share a home. Beasley claims that his property was left there with her during a prior stint of incarceration. During this time, he accuses Ehlers of selling some of his property, giving some of it away, and of destroying his computer. Beasley further contends that still more of his property was stolen out of his and Ehlers's garage while he was in jail, and he complains that she did not file an insurance claim on his stolen property. Beasley claims that Ehlers violated his constitutional rights, and he brings this action under 42 U.S.C. § 1983 and state law for conversion and negligence.

## DISCUSSION

SECTION 1983

The Prison Litigation Reform Act of 1996 applies to prisoners proceeding *in forma pauperis* in this Court, such as Beasley. The statute provides in pertinent part that, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

"[I]n an action proceeding under [28 U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* Thus, Beasley's Complaint is subject to *sua sponte* dismissal under § 1915.

To prove his § 1983 claim, Beasley will have to show, among other things, that Defendant acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48

(1988). "To constitute state action, 'the deprivation must be caused by the exercise of some right or privilege created by the State . . . or by a person for whom the State is responsible,' and 'the party . . . must be a person who may fairly be said to be a state actor.'" *Id.* at 49 (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). "This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the state." *Id.*

"Private individuals generally are not considered . . . state actors. . . . Notwithstanding this limitation, a private individual may act under color of law in certain circumstances, such as when a private person is involved in a conspiracy or participates in joint activity with state actors." *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005). State action may also be found where the state compels the private party to act, "when the state provides 'significant encouragement, either overt or covert,'" when the private entity is controlled by the State, when the private party performs a public function, or when the private party is so entwined with the State as to make the party a state actor. *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 296 (2001).

Beasley merely alleges that he and Ehlers used to live together and she either intentionally or negligently deprived him of his property. This allegation is insufficient to show that Ehlers is a state actor. Beasley alleges no connection between this private party Defendant and the State. Beasley therefore has failed to state a claim against Ehlers under § 1983. The § 1983 claim is dismissed, and this

dismissal counts as a strike pursuant to § 1915(g).

STATE LAW CLAIMS

Beasley also brings state law claims for conversion and negligence. These claims invoke the Court's supplemental jurisdiction. 28 U.S.C. § 1367(a). This jurisdiction may be declined if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Since the Court has dismissed the § 1983 claim, the Court declines jurisdiction over the state law claims. They are dismissed without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the foregoing reasons, *pro se* Plaintiff Timothy Scott Beasley's 42 U.S.C. § 1983 claim is **DISMISSED WITH PREJUDICE** for failure to state a claim. This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiff's state law claims are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1367(c). A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 13th day of April, 2016.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE